AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of New Mexico

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| Carlos A. Escudero | ) Case No. MJ 21-1789 KK |
| D.O.B. xx-xx-1986 | ) |
| SOC: xxx-xx-6619 | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____December 1, 2021_____ in the county of _____Bernalillo_____ in the

_____ District of ___New Mexico___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18.U.S.C. §§ 922 (g)(1) and 924 | Being a convicted felon in possession of a firearm and ammunition. |
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) | Possession with Intent to Distribute 50 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Peter Andazola FBI Task Force Officer
*Printed name and title*

Sworn to before me and signed telephonically
or by other electronic means.

Date: _____12/07/2021_____

_____
*Judge's signature*

City and state: _____Albuquerque, New Mexico_____

Kirtan Khalsa, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Peter Andazola, being duly sworn, depose and say:

## INTRODUCTION

1.      I am a New Mexico State Police (NMSP) Agent and have been so employed for the past seven years. I am currently assigned as a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI), Albuquerque Violent Crime Task Force (VCTF). As an FBI TFO, I primarily investigate repeat violent offenders involved in federal drug and firearm related crimes. This affidavit is submitted in support of a criminal complaint and arrest warrant charging Carlos ESCUDERO (born in 1986) with a violation of 18 U.S.C. §§ 922(g)(1) and 924 that being a convicted felon in possession of a firearm and ammunition and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) – Possession with Intent to Distribute 50 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine.  The violation occurred on December 1, 2021, in Bernalillo County, in the District of New Mexico.

## RELEVANT CRIMINAL HISTORY

2.      I have reviewed ESCUDERO's criminal history and court records, and am aware he has several felony convictions, to include

   a.  On or about May 29, 2005, ESCUDERO was convicted of Residential Burglary in the 2nd Judicial District Court, Bernalillo County, New Mexico, Case No. D-202-CR-2005-02433.

   b.  On or about December 28, 2006, ESCUDERO was convicted of Contributing to the Delinquency of a minor (Count 1) in the 13th Judicial District Court, Sandoval County, New Mexico, Case No. D-1329-CR-2007-00061.

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT**

c. On or about March 29, 2014, ESCUDERO was convicted of Receiving or Transferring a Stolen Vehicle (Count 1) in the 2nd Judicial District Court, Bernalillo County, New Mexico, Case No. D-202-CR-2014-01693.

d. On or about June 12, 2018, ESCUDERO was convicted of Trafficking a Controlled Substance (By Distribution) (Heroin) (Count 1) in the 2nd Judicial District Court, Bernalillo County, New Mexico, Case No. D-202-CR-2018-03310.

e. On or about June 29, 2018, ESCUDERO was convicted of Receiving or Transferring a Stolen Vehicle (Count 1) in the 2nd Judicial District Court, Bernalillo County, New Mexico, Case No. D-202-CR-2018-03233.

f. On or about May 19, 2019, ESCUDERO was convicted of Aggravated Fleeing a Law Enforcement Officer in the 12th Judicial District Court, Lincoln County, New Mexico, Case No. D-1226-CR-2019-00121.

g. On or about October 10, 2019, ESCUDERO was convicted of Trafficking (By Possession W/Intent to Distribute (Count 1) in the 12th Judicial District Court, Lincoln County, New Mexico, Case No. D-1226-CR-2020-00021.

3. This affidavit is based on my personal involvement and information obtained from other law enforcement officers and law enforcement report that I have reviewed. This affidavit does not set fourth all of my knowledge or summarize all the investigative efforts in this investigation.

**STATEMENT OF PROBABLE CAUSE**

4. On December 1st, 2021, New Mexico State Police Uniform Officer K. Smith was patrolling north on Carlisle Boulevard when he observed a silver Cadillac passenger vehicle bearing an unreadable New Mexico temporary tag traveling in the left lane. While initiating a lane

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT**

change, the silver Cadillac passenger vehicle failed to activate its turn signal to properly notify other motorists of its intentions.

5.      Officer K. Smith followed the Cadillac passenger vehicle north bound on Carlisle. As the Cadillac approached the intersection of Prospect and Carlisle, the vehicle initiated a left (west bound) turn onto Prospect. While turning onto Prospect, Officer K. Smith observed the vehicle fail to yield the right of way to traffic traveling south bound on Carlisle.

6.      After observing these traffic violations, Officer K. Smith activated the emergency equipment on his unit in order to conduct a traffic stop with the Cadillac passenger vehicle bearing an unreadable New Mexico Temporary tag. The vehicle merged into the back parking lot of the Sonesta ES Suites (3300 Prospect Ave NE, Albuquerque, NM 87107) before coming to a stop.

7.      Shortly after coming to a stop, Officer K. Smith observed the rear passenger door open and a female attempt to exit the vehicle. Officer K. Smith instructed the occupants to remain in the vehicle.

8.      Upon a driver side approach, Officer K. Smith observed in plain view a black in color firearm near the male driver's right leg and center console. Officer K. Smith instructed the male driver to keep his hands away from the firearm. The male driver ignored Officer K. Smith instructions and retrieved a cell phone from under his right leg.  The male driver's hands were immediately within reach of the firearm at this point.

9.      After having the male driver exit the vehicle, Officer K. Smith placed the male driver in handcuffs and informed him that he was not under arrest but was being placed in investigative detention. Later, the male driver was identified as Mr. Carlos ESCUDERO. The female seated in the rear passenger side of the vehicle removed her toddler child and was immediately released from the scene.

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT**

10.     During an on-scene interview, Officer K. Smith read to ESCUDERO his *Miranda*
rights. ESCUDERO waived his rights and agreed to provide a statement.

11.     ESCUDERO informed Officer K. Smith that was currently on active Parole through
the State of New Mexico. When question about the firearm, ESCUDERO stated he forgot the
firearm was there and was not reaching for it. When asked if there would be any illegal narcotics
in the vehicle, ESCUDERO stated there is fentanyl in the tan bag on the passenger front seat.
ESCUDERO denied ownership of the tan bag.

12.     Officer K. Smith recovered the firearm from the vehicle and identified it as a black,
Spring Field XD, .40 Caliber firearm with assigned serial number XD54724. Inside the chamber
of the Spring Field XD, .40 Caliber firearm was one (1) round of Federal, Smith and Wesson, .40
Caliber ammunition. The magazine contained three (3) additional Federal, Smith and Wesson, .40
Caliber ammunition and three (3) Winchester, Smith and Wesson, .40 Caliber ammunition. During
an inquiry through the National Crime Information Center, the black, Spring Field XD, .40 Caliber
firearm with assigned serial number XD54724 returned stolen out of the Albuquerque Police
Department.

13.     For evidence purposes, the grey 2008 Cadillac DTS, VIN: 1G6KD57Y58U120423
was sealed and transported to the New Mexico State Police Office where it was secured near the
booking parking lot of the office.

14.     At the New Mexico State Police Office, I conducted an interview with
ESCUDERO. Prior to the interview, I read ESCUDERO his rights per Miranda. ESCUDERO
agreed to waive his rights and participate in the interview. During the interview, ESCUDERO
provided me with a contradictory statement advising that he only learned of the firearm in the
vehicle after the officer told him about it. I asked ESCUDERO if he understood the process of

4

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

touch DNA, to which he stated he did. I provided an example of how touch DNA can be retrieved from items and later sent to the lab for DNA comparison. I asked ESCUDERO if for any reason his DNA would return on the firearm. At that point, he shook his head up and down and admitted his DNA would return on the firearm. When asked about the fentanyl in the tan bag, he estimated there would be between 25 pills to 50 pills in the bag. ESCUDERO again denied ownership of the bag.

15.     On December 2nd, 2021, New Mexico State Police Agent Elizardo Romero obtained a state search warrant for the grey, 2008 Cadillac DTS, VIN: 1G6KD57Y58U120423. The search warrant was read, review, and approved by the Honorable Bruce Fox out of the Second Judicial District.  During a search of the vehicle the following items were located.

   a. On the front passenger seat was a tan bag with approximately 183.6 grams of white crystal substance. Tru Narc test revealed the presence of methamphetamine. Also located in the tan bag was approximately 43.6 grams of round in shape blue pills, stamped with the letter M and the number 30. Through training, experience and ESCUDERO own admission the pills appeared to be consistent with fentanyl.

   b. On the driver side door panel, officer located a black digital scale.

   c. On the driver side near the door handle, officers located two (2) round, blue pills, stamped with the letter M and the number 30. One of the pills appeared to be partially burned.

16.     As the search continued, New Mexico State Police Agents located in the driver-seat rear pocket a black Glock, .9mm, model 26 with assigned serial number BSMB201. The Glock, model 26 was loaded with one (1) round of F.C. Luger .9mm ammunition in the chamber. The magazine contained an additional seventeen (17) F.C. Luger, .9mm

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

ammunition. The firearm was seized for safe keeping and a second warrant was petitioned and granted by the County of Bernalillo, Second Judicial District Court, to seize the firearm.

17.    Based on my training and experience, I know that the amount of fentanyl pills and methamphetamine are consistent with distribution and are not consistent with personal use. I know that those individuals who participate in trafficking illegal narcotics often carry weapons to protect themselves, their products or the U.S. Currency gained from trafficking illegal narcotics.

## FIREARM AND AMMO DETERMINATION
## AND INTERSTATE NEXUS

18.    On December 1, 2021, I conducted a function check on the black in color, Spring Field XD, .40 Caliber firearm with assigned serial number XD54724, and the firearm functioned as designed. I am aware the pistol is manufactured in Karlovac, Croatia.

19.    Based on my training and experience, I know that Federal, Smith and Wesson, .40 Caliber ammunition is manufactured in Anoka, Minnesota I know that Winchester, Smith and Wesson, .40 Caliber ammunition is manufactured in East Alton, Illinois.

20.    On December 2, 2021, I conducted a function check on the black in color Glock, .9mm, model 26 firearm with assigned serial number BSMB201, and the firearm functioned as designed. I am aware the pistol is manufactured in Austria with some of the parts being manufacture in Georgia.

21.    Based on my training and experience, I know that F.C. Luger .9mm ammunition is manufactured in Lewiston, Idaho and Anoka, Minnesota.

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

## CONCLUSION

22.      Based on the above information, I believe there is probable cause to charge

ESCUDERO with a violation of 18 U.S.C. §§ 922(g)(1) and 924, that being a convicted felon in

possession of a firearm and ammunition, and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), that being

Possession with Intent to Distribute 50 Grams and More of a Mixture and Substance Containing a

Detectable Amount of Methamphetamine.   Supervisory Assistant United State Attorney Jack

Burkhead approved criminal charging in this matter.

Respectfully submitted,

Peter Andazola
FBI Task Force Officer

Submitted electronically and approved telephonically:

Sworn to before me by telephone or other reliable electronic means on December ___7___ , 2021

United States Magistrate Judge
Kirtan Khalsa
District of New Mexico